

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN 14  PM 3: 33

CLERK'S OFFICE
AT BALTIMORE

BY _____ TY

Lauren E. Perry
Special Assistant United States Attorney
Lauren.Perry@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4839
MAIN: 410-209-4800
FAX: 410-962-0716

October 30, 2015

Isaac Klein, Esq.
Law Office of Isaac Klein
1 North Charles Street, Suite 350
Baltimore, MD 21201

    Re:    Plea Agreement in the Case of <u>United States v. Jonathan J. Lewin</u>
            Criminal No. MJG-15-0198

Dear Mr. Klein:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **November 9, 2015**, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

      1.    The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, which charges him with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

          a.    On or about the date listed in the Indictment, the Defendant knowingly distributed a visual depiction;

          b.    The depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

          c.    Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

   d.  The depiction is of a minor engaged in sexually explicit conduct; and

   e.  The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

### Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not less than five (5) years and not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a.  If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have had the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have had the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have had to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c.  If the Defendant went to trial, the government would have had the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right

to confront and cross-examine the government's witnesses. The Defendant would not have had to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have had the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal a verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable Sentencing Guidelines factors:

   a. **Base Offense Level:** The base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(2).

   b. **Minors under Twelve:** Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

   c. **Distribution:** Pursuant to U.S.S.G. §2G2.2(b)(3)(B), there is a five (5) level increase because the offense involved distribution for a thing of value (child pornography) but not pecuniary gain.

   d. **Use of a Computer:** Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

   e. **More than 600 Images:** Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images involved in the offense and its relevant conduct is more than 600.

   f. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

   **Accordingly, the final adjusted offense level is 33.**

8. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Rule 11(c)(1)(C) Plea

10.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **84 months** of imprisonment in the custody of the Attorney General and **twenty (20) years** of supervised release is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the Parties

11.     At the time of sentencing, the parties will request that the Court sentence the Defendant to a sentence of **84 months** imprisonment and twenty (20) years of supervised release. After the sentence is imposed, this Office will move to dismiss the open counts of the Indictment pending against the Defendant.

12.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including conduct involved in the counts of the Indictment that this Office has agreed to dismiss after the sentence is imposed.

### Waiver of Appeal

13.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

        a.      The Defendant knowingly waives his rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

        b.      If the Court accepts the plea agreement and imposes a sentence of **84 months** imprisonment, the Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

        c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

14. The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on June 12, 2014, and further agrees to take whatever steps are necessary to pass clear title to those properties to the United States, including, but not limited to:

   a. Samsung Galaxy Tablet, serial number RF2F12CJAXA
   b. Sony Cyber-Shot Digital Camera, serial number 740779
   c. Apple iPhone 5, serial number F2LJK6BWF38W
   d. Masscool Hard Drive, serial number 56QW5396S
   e. Nexstar CX Hard Drive, serial number 100316PBN400B7GGTG5L
   f. Custom Built Desktop Computer, with three hard drives: Samsung, serial number S13PJDWS308436; Samsung, serial number S13PJ9DS302156; and Seagate, serial number Z1F2WWC4
   g. Western Digital My Book Live Hard Drive, serial number WMAZA7637633
   h. Red 60 GB thumb drive imprinted with the words "Rush Centon"
   i. Silver 64 GB thumb drive found on the Defendant's keys
   j. Sony laptop computer, serial number 275149323036328

15. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

## Waiver of Further Review of Forfeiture

16. The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

## Restitution

17. Under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be

6

considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Obstruction or Other Violations of Law

18. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

19. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

20. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Lauren E. Perry
Special Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_____1/14/16_____                      _____
Date                                      Jonathan J. Lewin

I am Jonathan J. Lewin's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____1/14/16_____                      _____
Date                                      Isaac Klein, Esq.

## ATTACHMENT A - Stipulated Facts

*If this matter had proceeded to trial, the Government would have proven the following beyond a reasonable doubt. The Defendant agrees that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

**JONATHAN J. LEWIN** ("**LEWIN**"), age 45, is a resident of Pikesville, Maryland.

On or about May 16, 2014, **LEWIN** made files depicting child pornography publicly available to other users of a peer-to-peer file sharing network using the internet account assigned to **LEWIN'S** residence. On May 26, 2014, a Baltimore County Police Detective was conducting an online investigation on the uTorrent peer-to-peer peer network for offenders publicly sharing child pornography. He located a device, used by **LEWIN**, accessing the internet using the IP address 96.244.66.227. The Baltimore County Detective was able to successfully make a single-source download of numerous images of child pornography made publicly available on the peer-to-peer network by **LEWIN**, including the following images:

> **Lfs-001-087.jpg**: depicting a nude prepubescent girl wearing high heeled shoes and knee high stockings, posed with her legs open to expose her genitalia and making her genitalia the focus of the image.
> **Lfs-001-088.jpg**: depicting a close up photograph of the genitalia of the nude prepubescent girl described above.
> **Isl-025-038.jpg**: depicting a nude prepubescent girl posed with her legs open to expose her genitalia and making her genitalia the focus of the image.
> **Isl-017-099.jpg**: depicting a close up photograph of the genitalia of a nude prepubescent girl.

Investigators determined that the IP address 96.244.66.227 was a Verizon IP address assigned to **LEWIN** at his residence at the time the images were downloaded.

On June 12, 2014, investigators executed a search warrant at **LEWIN'S** residence and located numerous electronic devices that were forensically examined. **LEWIN's** computer contained the uTorrent file sharing software, as well as a tablet, four hard drives, two thumb drives, and a cloud account which contained thousands of images of child pornography, including the images downloaded by the investigators on May 16, 2014. **LEWIN** knowingly collected and shared child pornography images using the internet, a facility of interstate and foreign commerce.

Additionally, the forensic examination revealed that **LEWIN** used the camera on his Apple iPhone to surreptitiously take hundreds of voyeuristic images of prepubescent and pubescent females, including images taken at the zoo, grocery stores, parks, and other public locations. Many of these images included zoomed in images of prepubescent female children's buttocks. Many of the images appeared to be taken while **LEWIN** was hiding in the bushes or while **LEWIN** was following prepubescent children around a park or store. **LEWIN** added text banners to some of these voyeur images, stating "What an ass" and "Please fuck me." It is clear from the images that the subjects were unaware that they were being followed or photographed. These images were stored on **LEWIN'S** computer and other devices and sorted into individual

1

folders, often by location.

One recurring subject of **LEWIN'S** voyeuristic photographs was a prepubescent female child, age 14, with whom **LEWIN** was acquainted. **LEWIN** had photographs of this 14-year old girl that were extracted from her social media, and her mother's social media, without her knowledge and were cropped and zoomed so that she was the focus of the image. **LEWIN** also had photographs of her taken from inside her home and photographs of her exiting a vehicle that **LEWIN** was driving which focused on her backside and buttocks. **LEWIN** saved the images of this child on his computer and other devices in a folder titled in her name.

The forensic examination further revealed that **LEWIN** used internet search terms such as preteen nudes, preteen sex, preteen daughter, child rape, daddy daughter, Lolita, child rape snuff, pedo, baby ass and other related terms to search for child pornography on his computer and other devices.

On May 16, 2014, **LEWIN** was voluntarily interviewed by law enforcement inside his home in Pikesville, Maryland. **LEWIN** informed investigators that he did search for and download child pornography on his desktop computer. He further stated that he knew that by using uTorrent, he was sharing files with other users. **LEWIN** admitted that he took voyeur type photographs, including images of the above mentioned 14 year old child exiting his vehicle after he drove her to school.

\* \* \*

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

_____1/14/16_____   _____Jonathan Lewin_____
Date                Jonathan J. Lewin

I am Jonathan J. Lewin's attorney. I have carefully reviewed the statement of facts with him.

_____1/14/16_____   _____Isaac Klein_____
Date                Isaac Klein, Esq.

2